**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jerry Antonio KING, a/k/a Michael
Peterkin, Defendant–
Appellant.**

**No. 02–4775.**

United States Court of Appeals,
Fourth Circuit.

Submitted June 30, 2003.

Decided Aug. 8, 2003.

John A. O'Leary, O'Leary Associates, Inc., Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Before LUTTIG, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

## OPINION

PER CURIAM.

Pursuant to a written plea agreement, Jerry Antonio King pleaded guilty to being

a felon in possession of a firearm, possession with intent to distribute 500 grams of cocaine, and using or carrying a fire-arm during and in furtherance of a drug trafficking crime. He now appeals his convictions. We affirm.

■ King first claims that his plea was not voluntary. The transcript of the Fed. R.Crim.P. 11 proceeding discloses that King was competent to enter a guilty plea and that his plea was voluntary. King answered questions appropriately, expressed his satisfaction with his attorney's services, and stated that he understood the charges to which he was pleading guilty, the penalties to which he was subject, and the rights he was waiving by pleading guilty. None of the material * before us suggests that King lacked the "present ability to consult with his lawyer with a reasonable degree of rational understanding ... [or] a rational as well as a factual understanding of the proceedings against him." *See Dusky v. United States*, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). We conclude that the district court did not abuse its discretion in finding that King was competent to enter his plea.

■ King also asserts that his attorney was ineffective for allowing him to plead guilty when there was a question as to his client's competency. Claims of ineffective assistance of counsel are ordinarily not cognizable on direct appeal unless the record conclusively establishes ineffectiveness. *United States v. King*, 119 F.3d 290, 295 (4th Cir.1997). As ineffectiveness does not appear on the face of the record, we do not address the claim.

We therefore affirm the convictions. We dispense with oral argument because

the facts and legal contentions are adequately addressed in the materials before us and argument would not significantly aid the decisional process.

*AFFIRMED.*

---

* The material includes the supplemental appendix in which the court reporter who transcribed the Rule 11 proceeding stated in an affidavit that she omitted a word in the original transcript. The court reporter stated in her affidavit that defense counsel responded to the court's question as to whether he had any question about King's competence, "I have no doubt, Your Honor." A corrected transcript page was submitted.